NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> DANIEL JACOB WERK, <br><br> Defendant - Appellant. | No. 24-3082 <br><br> D.C. No. <br> 4:22-cr-00108-BMM-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Submitted July 11, 2025[**]
Seattle, Washington

Before: GRABER, BEA, and BENNETT, Circuit Judges.

A jury convicted Appellant Daniel Jacob Werk of sexual abuse of a minor, in violation of 18 U.S.C. § 2243(a), and the district court sentenced him to forty-six months' imprisonment. Werk appeals his conviction and sentence, raising two

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

arguments: (1) the district court erred in denying his motion for acquittal under Federal Rule of Criminal Procedure 29 because, given the victim's recantation of her pretrial statements that Werk knew she was fifteen, no juror could have rejected Werk's defense that he reasonably believed that the victim was sixteen[1]; and (2) the district court erred in applying a sentencing enhancement under United States Sentencing Guideline ("U.S.S.G.") § 2A3.2(b)(1) because the victim was not in his "custody, care, or supervisory control." We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.      We review de novo the district court's denial of a motion for acquittal under Rule 29. *United States v. Gonzalez-Diaz*, 630 F.3d 1239, 1242 (9th Cir. 2011). To prevail on his challenge that the jury improperly rejected his defense theory, Werk "must demonstrate that *no* rational factfinder, after viewing the evidence in the light most favorable to the government, would reject his . . . defense." *United States v. Bibbins*, 637 F.3d 1087, 1094 (9th Cir. 2011).

Viewed in the government's favor, compelling evidence showed that Werk knew the victim was fifteen when they engaged in sexual relations. The victim twice stated in Werk's presence that she was fifteen years old. The victim also had given

---

[1] "In a prosecution under subsection (a) of this section, it is a defense, which the defendant must establish by a preponderance of the evidence, that the defendant reasonably believed that the other person had attained the age of 16 years." 18 U.S.C. § 2243(d).

Werk documents showing her correct birth date. And the victim also had told an FBI agent and the grand jury that Werk knew she was fifteen.

Contrary to Werk's argument, the victim's pretrial statements that Werk knew she was fifteen were not so "'incredible' and 'unsubstantial' on their face" that the jury had to reject them. *See United States v. Shelton*, 588 F.2d 1242, 1245 (9th Cir. 1978); *id.* ("Before an appellate court may disregard a witness' [sic] testimony, it must be 'inherently implausible.'" (quoting *United States v. Rojas*, 554 F.2d 938, 943 (9th Cir. 1977))). The victim's pretrial statements were not implausible. They were corroborated by evidence that the victim had twice stated her age in Werk's presence and had provided Werk with documents showing her correct birth date. The prosecution also offered a reasonable explanation for the victim's recantation: she had learned that Werk was the father of her child and did not want to raise the child on her own. Thus, it was up to the jury to assess the victim's credibility. *See United States v. Tam*, 240 F.3d 797, 806 (9th Cir. 2001) ("Absent facial incredibility, it is not our role to question the jury's assessment of witness credibility.").

2. We review a district court's "application of the Guidelines to the facts for abuse of discretion." *United States v. Harris*, 999 F.3d 1233, 1235 (9th Cir. 2021). "Only guideline applications that are 'illogical, implausible, or without support in inferences that may be drawn from facts in the record' are an abuse of discretion." *United States v. Herrera*, 974 F.3d 1040, 1045 (9th Cir. 2020) (quoting

*United States v. Gasca-Ruiz*, 852 F.3d 1167, 1175 (9th Cir. 2017) (en banc)).

Under U.S.S.G. § 2A3.2(b)(1), a court may apply an enhancement "[i]f the minor was in the custody, care, or supervisory control of the defendant." "Subsection (b)(1) is intended to have broad application and is to be applied whenever the minor is entrusted to the defendant, whether temporarily or permanently. For example, teachers, day care providers, baby-sitters, or other temporary caretakers are among those who would be subject to th[e] enhancement." U.S.S.G. § 2A3.2 cmt. n.2(A).

The district court reasonably concluded that the victim was in Werk's custody, care, or supervisory control. The victim was participating in an educational program. The program was responsible for the safety of those participating in program activities. By allowing Werk, one of the leaders of the program, to drive participants to and from program activities by himself, the program entrusted Werk with the care and safety of those participants. Thus, Werk—the only adult project leader in charge of the participants during those drives—was their "temporary caretaker[]." *Id.*; *see also Harris*, 999 F.3d at 1237–38 (noting that we have "typically" found that a victim was under the defendant's care, custody, or supervisory control when the "minor [victim] . . . was left alone under the care of the defendant"). Werk abused that authority when, rather than drop the victim off at her home after the initial program meeting, he had oral sex with her in his car and

then took her to his office to have sex again. *See United States v. Brooks*, 610 F.3d 1186, 1201 (9th Cir. 2010) (holding that a materially similar enhancement under U.S.S.G. § 2G1.3(b)(1)(B) applies when a defendant "abuse[s] [his] authority over the minor").

**AFFIRMED.**

24-3082